UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tawanna Fludd,<br>Plaintiff,<br><br>v.<br><br>Loving and Learning Educational Center, Inc.,<br>Defendant. | CASE NO.: 2:21-cv-03586-RMG-KFM<br><br>**AMENDED COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et. seq.

2. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

3. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

4. The Plaintiff is entitled to the protections of the Family and Medical Leave Act (FMLA) on account of her own serious health condition, as well as her need for and use of medical leave protected by the act.

5. The Plaintiff, Tawanna Fludd, is a resident of Charleston, South Carolina. At all relevant times the Plaintiff was employed at the Loving and Learning Education Center located at 958 Folly Road, Charleston, SC, 29412.

6. The Defendant, Loving and Learning Educational Center, Inc., is a domestic corporation organized and operating under the laws of the State of South Carolina located in this judicial district at 958 Folly Road, Charleston, SC 29412.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant is a "person" within the meaning of the Family and Medical Leave Act ("FMLA").

9. The Defendant is an industry that affects commerce within the meaning of the FMLA.

10. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

11. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. In or about August 2010, the Plaintiff was hired by the Defendant as an Assistant Teacher. The Plaintiff was efficient and effective in her work.

13. During the course of her employment, Ms. Fludd's daughter who lives with her was pregnant with twins, a serious medical condition as defined by the ADA and FMLA.

14. The Plaintiff's daughter began to have complications with her pregnancy, so Plaintiff went to Tara Simmons, Director, and requested to take time under FMLA to assist with her daughter. Ms. Simmons told Plaintiff that she could not take time under FMLA but did agree to allow Plaintiff to take a week off from work under the leave policy, thereby preventing her from taking FMLA.

15. On or about October 29, 2020, Plaintiff suffered an on-the-job injury. Plaintiff was on the playground with the children when the wind blew some sand into Plaintiff's eye. Plaintiff immediately notified Ms. Simmons of the injury to her eye.

16. Plaintiff stayed at work until lunch, when Plaintiff notified Ms. Simmons that she was going to Doctor's Care for treatment. Ms. Simmons told Plaintiff to keep her informed.

17. Due to the Plaintiff's injury being to her eye, Doctor's Care requested that Plaintiff proceed to the Emergency Room for treatment. Plaintiff was released from the Emergency Room after working hours, so she attempted to call Ms. Simmons on her cell phone but was unsuccessful.

18. On or about October 30, 2020, Plaintiff was at work her normal time, and around lunch Ms. Simmons terminated Plaintiff's employment.

19. The reason given for the Plaintiff's termination was pretextual in nature and was in reality, retaliation for requesting leave under the FMLA and in retaliation for filing a workers' compensation claim.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Family and Medical Leave Act

20. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

21. The Plaintiff is informed and believes that upon her request, she was entitled to take leave pursuant to the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.) and Defendant's discipline against Plaintiff and refusal to allow FMLA and subsequent termination of her employment as a result of her having requested such leave is a violation of her rights under said statute.

22. The Defendant is a qualified "employer" subject to the said Family Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a federal statute.

23. The Defendant's discipline against Plaintiff and termination of Plaintiff following her notification of her request for medical leave constituted a violation of the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

24. Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

25. Defendant interfered with Plaintiff taking FMLA leave when it refused to grant the leave even though the Plaintiff was qualified in violation of §825.110 of the FMLA regulations.

26. Defendant retaliated against Plaintiff when it did not process her FMLA leave and terminated her employment instead in violation of §825.303 of the FMLA regulations.

27. Plaintiff's request for FMLA leave was unforeseeable and according to §825.303 of the FMLA regulations, as soon as an employer has enough information that indicates the employee's need for leave may qualify for FMLA, the employer should begin the FMLA leave process, regardless of whether the employee has met all the requirements or not.

28. Accordingly, Plaintiff is informed and believes that the Defendant interfered with her FMLA leave, and she is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees and costs for the bringing of this action.

29. Accordingly, Plaintiff is informed and believes that the Defendant retaliated against her for requesting FMLA leave which led to her termination, and she is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
**Retaliation 41-1-80**

30. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

31. Plaintiff's treatment, in fact, was retaliatory in nature for Plaintiff's instituting, or causing to be instituted, a workers' compensation claim and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

32. Plaintiff's institution, or causing to be instituted, of a worker's compensation claim was a substantial factor in the Defendant terminating her.

33. The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

34. By reason of such wrongful and retaliatory treatment by Defendant, its agents and employees, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

35. Due to the acts of Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits and lost opportunity, reinstatement of benefits, and front pay.

36. Due to the acts of Defendant, its agents and/or employees, Plaintiff is entitled to an equivalent amount of pay that she was regularly getting before her injuries through, back wages and bonuses from the date of her retaliation to the present date, front pay for wages, wages she will lose in the future, and past and future benefits.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been kept in her proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for reinstatement of the Plaintiff to her employment position;

5. An award of Plaintiff's attorney fees, including litigation expenses, and the costs of this action; and

6. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

*(Signature on following page)*

|  |  |
|---|---|
|  | **WIGGER LAW FIRM, INC.** |
|  | *s/Jarrel L. Wigger* |
|  | Jarrel L. Wigger  (Fed. I.D. # 6345) |
|  | Attorney for Plaintiff |
|  | 8086 Rivers Avenue, Suite A |
| North Charleston, South Carolina | N. Charleston, SC 29406 |
| This 2nd day of March, 2022 | 843-553-9800 |