IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Twanna Fludd,<br><br>        Plaintiff,<br>   v.<br><br>Loving and Learning Education Center, Inc.,<br><br>        Defendant. | Case No. 2:21-cv-03586-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 17) recommending that the Court grant in part, deny in part Defendant's Motion to Dismiss (Dkt. No. 13). Plaintiff filed an objection (Dkt. No. 20) and Defendant replied (Dkt. No. 22). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants in part, denies in part Defendant's Motion to Dismiss.

**I.   Background**

Plaintiff, an assistant teacher, initiated this employment dispute against Defendant. Plaintiff lived with her pregnant daughter who experienced complications due to her pregnancy with twins. (*Id.*, ¶¶ 13-14). Due to these complications, Plaintiff alleged that she requested FMLA leave to assist her daughter, which was denied. (*Id.*) Plaintiff, however, was allowed to take a week off work under Defendant's leave policy. (*Id.*) Plaintiff further alleged that, sometime after being denied FMLA leave, she suffered an on-the-job injury when sand blew into her eye when she was on the playground with her students. (*Id.*, ¶ 15). Plaintiff notified Defendant that she was going to Doctor's Care to receive treatment for her eye. (*Id.*, ¶ 16). Plaintiff, under the advice of Doctor's Care, proceeded to the emergency room for additional treatment and was released after working

1

hours later that day. (*Id.*, ¶ 17). Plaintiff reported to work at her normal time the following day and was terminated around lunchtime that day. (*Id.*, ¶ 18).

Based on these allegations, Plaintiff pled three causes of action: (1) Defendant interfered with Plaintiff's Family and Medical Leave Act (FMLA) rights by failing to provide her requested leave, (2) Defendant retaliated against Plaintiff in violation of the FMLA by discharging Plaintiff for seeking FMLA leave, and (3) Defendant retaliated against Plaintiff in violation of S.C. Code Ann. § 41-1-80 by discharging Plaintiff for instituting a workers' compensation claim after suffering an on-the-job injury. (Dkt. No. 11, ¶¶ 20-36).

Defendant filed the instant motion to dismiss Plaintiff's amended complaint. (Dkt. No. 13). The Magistrate issued an R & R recommending that the Court grant in part, deny in part Defendant's motion to dismiss. (Dkt. No. 17). Plaintiff filed an objection (Dkt. No. 20) and Defendant replied (Dkt. No. 22).

## II. Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review but instead must only satisfy itself that there is no clear error on the face

of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B. Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

After *de novo* review, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R & R as the order of the Court.

#### A. FMLA Claims

There are two types of FMLA claims: interference claims, which allege violation of prescriptive FMLA rights, and retaliation claims, which allege violation of proscriptive FMLA rights. *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 546 (4th Cir. 2006).

**1. FMLA Interference**

"To state a claim of interference with FMLA rights, the plaintiff must establish that "(1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied the employee FMLA benefits to which she was entitled." *Ainsworth v. Loudon Cty. Sch. Bd.*, 851 F. Supp. 2d 963, 975 (E.D. Va. 2012). The FMLA entitles an eligible employee to take leave to "care for the . . . daughter . . . of the employee, if such . . . daughter . . . has a serious health condition." 29 U.S.C. § 2612(a)(1)(C).

The Magistrate Judge correctly determined that Plaintiff failed to allege sufficient facts to state a claim for FMLA interference. In reaching that conclusion, the Magistrate Judge correctly noted that, even though a pregnancy may constitute a "serious health condition" and qualify for FMLA, Plaintiff did not allege specific complications or facts that indicate her daughter's pregnancy rises to that level of a "serious health condition." (Dkt. No. 11, ¶¶ 13-14 (stating only that "Plaintiff's daughter began to have complications with her pregnancy")). Accordingly, Defendant's motion to dismiss as to Plaintiff's FMLA interference claim is granted.

### 2. FMLA Retaliation

"To state an FMLA retaliation claim, a plaintiff must establish that: (1) she engaged in a protected activity, (2) her employer took an adverse employment action against her, and (3) the adverse employment action was causally connected to the plaintiff's protected activity." *Ainsworth*, 851 F. Supp. 2d at 976. "The Fourth Circuit has not addressed whether a request for non-FMLA qualifying leave can sustain a retaliation claim." *Sherif v. Univ. of Md. Med. Ctr.*, No. 14-cv-2679, 2015 WL 5083469, at *9 (D. Md. Aug. 26, 2015).

The Magistrate Judge correctly determined that Plaintiff's FMLA retaliation claim survives the motion to dismiss stage. In reaching that conclusion, the Magistrate Judge correctly noted the lack of binding precedent on whether a plaintiff must be eligible for FMLA leave to sustain a retaliation claim. This Court finds the Magistrate Judge's analogy of FMLA claims to Title VII claims persuasive and agrees in applying the Title VII rule that a Title VII retaliation claim may go forward without an actual Title VII violation to the facts here. Accordingly, Defendant's motion to dismiss as to Plaintiff's FMLA retaliation claim is denied.

### B. S.C. Workers' Compensation Retaliation

In South Carolina, "[n]o employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law . . . ." S.C. Code Ann. § 41-1-80. "In order to prove a claim under § 41-1-80, a plaintiff must establish three elements: 1) institution of workers' compensation proceedings, 2) discharge or demotion, and 3) a causal connection between the first two elements." *Hinton v. Designer Ensembles, Inc.*, 540 S.E. 2d 94, 97 (S.C. 2000).

The Magistrate Judge correctly determined that Plaintiff failed to allege sufficient facts to state a claim under § 41-1-80. In reaching that conclusion, the Magistrate Judge correctly noted

5

that, even though § 41-1-80 does not require a formal filing of a Workers' Compensation Claim, Plaintiff did not allege other conduct sufficient to meet the institution element. (Dkt. No. 11, ¶¶ 15-18 (noting only that Plaintiff told her supervisor about the injury and that she was going to Doctor's Care to receive treatment)). Accordingly, Defendant's motion to dismiss as to Plaintiff's § 41-1-80 claim is granted.

### IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 17). The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss (Dkt. No. 13).

**AND IT IS SO ORDERED.**

      _s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

August 12, 2022
Charleston, South Carolina